His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
This is a suit to render the son liable for his father’s • debt on the ground that he assumed the payment thereof.'
Plaintiff sold and delivered to Louis Kaufman goods of the value of $460.78. Louis Kaufman then died. Joseph Kaufman, a son of Louis Kaufman and his former chief clerk and representative, then wrote to the plaintiff company the following letter, viz:
“The writer, with regret, desires to inform you that Mr. Louis Kaufman passed away on the 21st inst., and as I desire to continue the business as heretofore, wish to know if you will kindly wait on me for say 30 or 60 days to liquidate his indebtedness. Awaiting your prompt reply to this, and assuring you of my appreciation of past favors, I remain.
“Yours truly,
.“Joe Kaufman.”
*256 The plaintiff then wrote Joe Kaufman:
“Yours of the 26th received, and I note with regret the death of my old friend, Louis Kaufman, whom I have known for nearly thirty years, and I extend my sympathy to you and his faimly. In regard to our account with Mr. Kaufman, it will be all right if you can pay same in the next 30 or 40 days, and only ask you to be as prompt as possible, as same is already past due and we are very short of money here. ’ ’
And Joseph Kaufman replied:
“Your valued favor of the 30th ult. received. The writer wishes to thank you very much for your kind expressions of sympathy. Now, as written you in mine of the 26th ult., expect to be able to straighten out all matters so as to make a remittance of the amount due you within the next thirty to forty days. I now have an inquiry from the Johnson Iron Works of this city for 25 tons of angles, each 2 1-2 x 5-16 and 3 x 3 x 3-8 and would thank you to kindly quote me your lowest price on these angles delivered here, so as to allow me $.50 a ton commission, and also state how sóon you can make shipment. Awaiting your reply to this I remain, yours very truly,
“Jos. Kaufman.”
Plaintiff construes these letters as an assumption of the debt by “Joe” Kaufman and sued him for it in solido, with the Succession of Louis Kaufman.
Joseph Kaufman denies that he ever ¡agreed to pay the debt personally or that his letters can be so construed.
There was judgment for defendant and plaintiff has appealed.
*257 Opinion and decree, March 13th, 1916.
In order to succeed plaintiff must make Ms case certain; doubt is fatal to Ms claim. Especially is it so when be .attempts to bold one for the debt of a tMrd person. In suck case the assumption by defendant must be clear and unambiguous, absolute and unequivocal; be must not be held liable as the result of an unguarded expression not clearly denoting an intention to assume the debt. No one is presumed to give nor to assume the burden of others.
There is not a single word in defendant’s letters expressly assuming to pay the debt or promising to pay it, or acknowledging it as a debt. There is only .an implied assumption uf debt resulting from the use of the words “as I desire to continue the business as heretofore, wish to know if you will kindly wait on me. ’ ’ But it must not be forgotten that Joseph Kaufman was his father’s agent and managed his business during his life, and intended to wind it up himself, as he subsequently did, by having himself appointed .administrator. However, such interpretation of defendant’s letter would be, to say the least, strained and not a. natural consequence.
The Judge of the District Court was of that opinion and so are we.
Judgment affirmed.